**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Finch Therapeutics Group, Inc., | Case No. 26-10409 (XXX) |
| Debtor.<br>Tax I.D. No. 82-3433558 | |
| In re: | Chapter 11 |
| Finch Therapeutics, Inc., | Case No. 26-10410 (XXX) |
| Debtor.<br>Tax I.D. No. 47-2453711 | |
| In re: | Chapter 11 |
| Finch Therapeutics Holdings LLC, | Case No. 26-10411 (XXX) |
| Debtor.<br>Tax I.D. No. 82-1670727 | |
| In re: | Chapter 11 |
| Finch Research and Development LLC, | Case No. 26-10412 (XXX) |
| Debtor.<br>Tax I.D. No. 47-4489205 | |

**DEBTORS' MOTION FOR ENTRY OF
AN ORDER (I) DIRECTING JOINT ADMINISTRATION
OF RELATED CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (the "Debtors"), by and through their undersigned counsel, hereby move (this "Motion") this Court for entry of an order granting the relief described below. In support hereof, the Debtors rely on the *Declaration of Matthew P. Blischak, Chief Executive Officer, Secretary, and President of the Debtors, in Support of the*

*Debtors' Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration")[1] filed concurrently herewith, and further represent as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012.

2.      Pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors confirm their consent to the entry of a final order by this Court in connection with this Motion to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of these chapter 11 cases and this Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

4.      The statutory basis for the relief requested herein is section 105(a) of title 11 of the United States Code, as amended (the "Bankruptcy Code").  The relief is also appropriate in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 1015-1.

## RELIEF REQUESTED

5.      The Debtors respectfully request entry of an order directing the joint administration of these chapter 11 cases for procedural purposes only and granting related relief.

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

4865-2925-0770, v. 11

6.      In furtherance of the foregoing, the Debtors request that the official caption to be used by all parties in all papers in the jointly administered cases be as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Finch Therapeutics Group, Inc., *et al.*,[1] | Case No. 26-10409 (XXX) |
| Debtors. | (Jointly Administered) |

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are:  Finch Therapeutics Group, Inc. (3558); Finch Therapeutics, Inc. (3711); Finch Therapeutics Holdings LLC (0727); and Finch Research and Development LLC (9205).  The Debtors' service address is 75 State Street, Suite 100, Boston, MA 02109.

7.      The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in the first sentence of section 342(c)(1) of the Bankruptcy Code.

8.      Finally, the Debtors respectfully request that the Court make a separate docket entry on the docket of each of these chapter 11 cases, other than Finch Therapeutics Group, Inc., to reflect joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of:  Finch Therapeutics Group, Inc., Case No. 26-10409; Finch Therapeutics, Inc., Case No. 26-10410; Finch Therapeutics Holdings LLC, Case No. 26-10411; Finch Research and Development LLC, Case No. 26-10412. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 26-10409 (___).**

4865-2925-0770, v. 11

**BACKGROUND**

9.      On March 22, 2026 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, thereby commencing these cases.

10.     The Debtors continue to operate their businesses and manage their assets as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

11.     To date, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has not appointed a creditors' committee in these chapter 11 cases, nor has any trustee or examiner been appointed therein.

12.     Additional factual background regarding the Debtors' business operations, corporate and capital structures, and restructuring efforts are described in greater detail in the First Day Declaration, filed contemporaneously with this Motion and incorporated herein by reference.

**BASIS FOR RELIEF**

13.     Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtor entities are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

14.     Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> The Court may order joint administration of related cases pending in this Court without notice and an opportunity for hearing on a

4865-2925-0770, v. 11

motion supported by an affidavit, declaration, or verification establishing that joint administration of the cases is warranted and will ease the administrative burden for the Court and the parties. A joint administration order entered under this Local Rule (i) is procedural only and does not substantively consolidate the debtors' estates and (ii) may be reconsidered on motion of a party in interest at any time.

Del. Bankr. L.R. 1015-1.

15.    Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the United States Trustee for the District of Delaware (the "U.S. Trustee") and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

16.    Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

## NOTICE

17.    Notice of this Motion has been or will be provided to: (a) the United States Trustee for the District of Delaware; (b) the United States Attorney's Office for the District of Delaware; (c) the state attorneys general for all states in which the Debtors conduct business; (d) the Internal Revenue Service; (e) the United States Securities and Exchange Commission; (f) the holders of

- 5 -

the twenty (20) largest unsecured claims against the Debtors on a consolidated basis; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors respectfully submit that, in light of the nature of the relief requested, no further notice is necessary.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that this Court enter interim and final orders, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

[*Signature Page to Follow*]

4865-2925-0770, v. 11

Dated: March 22, 2026
       Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ Aaron J. Bach*
Robert A. Weber (No. 4013)
Aaron J. Bach (No. 7364)
Alison R. Maser (No. 7430)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0191
E-mail: weber@chipmanbrown.com
      bach@chipmanbrown.com
      maser@chipmanbrown.com
-and-

**CHIPMAN BROWN CICERO & COLE, LLP**
Daniel G. Egan (*pro hac vice* pending)
420 Lexington Avenue, Suite 442
New York, New York 10170
Telephone: (646) 741-5529
E-mail: egan@chipmanbrown.com

-and-

**ROPES & GRAY LLP**
Gregg M. Galardi (No. 2991)
Cristine Pirro Schwarzman (*pro hac vice* pending)
Daniel C. Villalba (*pro hac vice* pending)
Cameron J. Cavalier (*pro hac vice* pending)
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
E-mail: gregg.galardi@ropesgray.com
      cristine.schwarzman@ropesgray.com
      dan.villalba@ropesgray.com
      cameron.cavalier@ropesgray.com


*Proposed Counsel to the Debtors and Debtors in Possession*

## EXHIBIT A

**Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Finch Therapeutics Group, Inc., | Case No. 26-10409 (XXX) |
| Debtor. Tax I.D. No. 82-3433558 | |
| In re: | Chapter 11 |
| Finch Therapeutics, Inc., | Case No. 26-10410 (XXX) |
| Debtor. Tax I.D. No. 47-2453711 | |
| In re: | Chapter 11 |
| Finch Therapeutics Holdings LLC, | Case No. 26-10411 (XXX) |
| Debtor. Tax I.D. No. 82-1670727 | |
| In re: | Chapter 11 |
| Finch Research and Development LLC, | Case No. 26-10412 (XXX) |
| Debtor. Tax I.D. No. 47-4489205 | |

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF
RELATED CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the Debtors for an order (this "Order") directing joint

administration of these cases for procedural purposes only and granting related relief, all as more

fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of these cases and this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation thereon and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Motion is granted, as set forth herein.

2.      Each of the above-captioned chapter 11 cases is consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 26-xxxxx.

3.      The caption of the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Finch Therapeutics Group, Inc., *et al.*,[1] | Case No. 26-10409 (XXX) |
| Debtors. | (Jointly Administered) |

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are:  Finch Therapeutics Group, Inc. (3558); Finch Therapeutics, Inc. (3711); Finch Therapeutics Holdings LLC (0727); and Finch Research and Development LLC (9205).  The Debtors' service address is 75 State Street, Suite 100, Boston, MA 02109.

4.      The foregoing caption shall satisfy the requirements of the first sentence of section 342(c)(1) of the Bankruptcy Code.

5.      The Clerk of the Court shall make a docket entry in each Debtor's chapter 11 case (except that of Finch Therapeutics Group, Inc.) substantially as follows:

An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of:  Finch Therapeutics Group, Inc., Case No. 26-10409; Finch Therapeutics, Inc., Case No. 26-10410; Finch Therapeutics Holdings LLC, Case No. 26-10411; Finch Research and Development LLC, Case No. 26-10412.  **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 26-10409 (___).**

6.      The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the District of Delaware shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

7.      Nothing in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an Order substantively consolidating their respective cases.

8.      The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.